COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-311-CR

NO. 2-09-312-CR

NO. 2-09-313-CR

NO. 2-09-314-CR

 

 

LEMUEL JOSEPH YOUNG                                                                 APPELLANT

A/K/A JADERRIUS NEIL YOUNG

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Appellant
Lemuel Joseph Young, also known as Jaderrius Neil Young, pled guilty to four
offenses of aggravated robbery with a deadly weapon.  The trial court found him guilty and
sentenced him to life imprisonment in each case, with the sentences to run
concurrently.








Appellant=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, these appeals are
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the records demonstrating why there
are no arguable grounds for relief.[3]  Appellant also filed a pro se response to the
Anders brief, challenging the voluntariness of his pleas and alleging
ineffective assistance of his trial counsel. 
We note that there is no reporter=s record
of the guilty plea hearing and that no motion for new trial appears in the
clerk=s
records.[4]

After an
appellant=s court-appointed counsel files a
motion to withdraw on the ground that the appeal is frivolous and fulfills the
requirements of Anders, this court is obligated to undertake an
independent examination of the record to see if there is any arguable ground
that may be raised on his behalf.[5]  Only then may we grant counsel=s motion
to withdraw.[6]








Because
Appellant entered an open plea of guilty in each case, our independent review
for potential error is limited to potential jurisdictional defects, the
voluntariness of his pleas, error that is not independent of and supports the
judgments of guilt, and error occurring after entry of the guilty pleas.[7]

We have
carefully reviewed counsel=s brief,
Appellant=s response, and the appellate
records.  We agree with counsel that
these appeals are wholly frivolous and without merit; we find nothing in the
appellate records that arguably might support the appeals.[8]  Accordingly, we grant counsel=s motion
to withdraw and affirm the trial court=s
judgments.

PER
CURIAM

PANEL:  DAUPHINOT, J.; LIVINGSTON, C.J.; and GARDNER,
J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 12, 2010











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).





[3]See Stafford v. State, 813 S.W.2d 503, 510B11 & n.3 (Tex. Crim.
App. 1991).





[4]See Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005) (AIn the majority of cases,
the record on direct appeal is undeveloped and cannot adequately reflect the
motives behind trial counsel=s actions.@); Andrews v. State, 159 S.W.3d 98, 102
(Tex. Crim. App. 2005) (indicating that claims of ineffective assistance of
counsel are normally best left for habeas corpus proceedings).





[5]See Stafford, 813 S.W.2d at 511.





[6]See Penson v. Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).





[7]See Monreal v. State, 99 S.W.3d 615, 620 (Tex.
Crim. App. 2003).





[8]See Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex. Crim. App. 2005).